**SEALED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-60835-AHS

FILED BY ____K.P.____ D.C.

Jan 12, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA
*ex rel.* LAUREN LAU,

      Plaintiff,

v.

ELLWOOD MEDICAL CENTER, LLC;
AMERICORE HEALTH, LLC; *et al.*,

      Defendants.

_____/

**FILED UNDER SEAL**

**MEMORANDUM OF LAW IN SUPPORT OF
UNITED STATES' UNOPPOSED *EX PARTE* FOURTH APPLICATION FOR AN
EXTENSION OF THE INTERVENTION PERIOD AND SEAL**

The United States of America respectfully submits this memorandum in support of its unopposed *ex parte* application for an Order under the False Claims Act, as amended, 31 U.S.C. § 3730(b)(3) ("FCA"), for a six-month extension of time from January 13, 2022, up to and including July 13, 2022, within which it must notify the Court of its decision regarding intervention in this *qui tam* lawsuit, and during which time the Complaint and other filings shall remain under seal. This is the United States' fourth request for an extension of time. Relator concurs with this request.

**I.    BACKGROUND**

On April 23, 2020, Relator filed the *qui tam* Complaint in this case. On May 13, 2020, Relator completed service on the U.S. Attorney's Office and the Attorney General. On July 15, 2021, the Court granted the United States' third request for an extension of time to intervene through and including January 13, 2022. D.E. 20.

1

According to Relator's Complaint, Defendant Ellwood Medical Center, LLC ("Ellwood"), owned by Defendant Americore Health, LLC, ("Americore") entered into an agreement with Defendants Verify Health and First Choice Labs USA ("First Choice"), to submit claims to Medicare for cancer genetic screening tests that were not actually performed by Ellwood. Relator alleges that the agreement provided that the cancer genetic screening tests would be performed by Verify Health and First Choice Lab but billed to Medicare by Ellwood. Relator alleges that Ellwood retained a percentage of the Medicare payment received for the cancer genetic screening tests, with the remainder being remitted to Verify Health and First Choice. Relator alleges that Verify Health and First Choice entered into this arrangement with Ellwood because Ellwood, as a rural community hospital, was exempt from Medicare's 70/30 rule for laboratory billing, which requires laboratories to perform at least 70% of the laboratory tests billed. Relator alleges that Defendants submitted or caused to be submitted claims to Medicare for improperly billed medical procedures that are in violation of the Anti-Kickback Statute.

Since the United States' last extension request, the United States has diligently continued its investigation in coordination with other ongoing investigations that involve overlapping subject matter and/or defendants. In October, the United States informed certain Defendants that they are under investigation for potential violations of federal law, including the False Claims Act. Defendant Dan Hurt has produced documents and provided information regarding the conduct alleged in the Complaint. The United States interviewed Robert Gerstein, who is a relator in an overlapping *qui tam* case and a defendant in the instant case, about his knowledge of ongoing use of Defendants First Choice and Sonoran Desert Pathology to perform and/or bill for cancer genetic screening tests. The United States also initiated conversations with counsel for

Defendant Michael Lewitt and received documents in response to an inquiry from the investigative team. The United States has also identified individuals not named in the *qui tam* Complaint that may have participated in the alleged conduct and have informed certain of those individuals about the United States' investigation. These individuals have also produced documents and provided information to the Government. Additionally, the Department of Health and Human Services-Office of Inspector General has requested information from third parties that may have relevant information concerning the underlying conduct. The United States continues to interview fact witnesses, including beneficiaries that received services from the laboratory defendants or their affiliates, as well as other individuals that had business relationships with Defendants.

## II.      ARGUMENT

### A.      Good Cause Exists to Extend the Seal and Intervention-Decision Period

The United States needs an extension of time to continue its investigation and to be able to make an informed election decision. The FCA provides that the United States may, for good cause shown, move the Court for extensions of time during which to intervene, and during which the seal remains intact. 31 U.S.C. § 3730(b)(3). The United States respectfully submits that it has good cause for an extension of time in this case.

As set forth above, the United States is diligently investigating this case, but it needs more time to fully evaluate Relator's allegations, gather and analyze documents, and contact witnesses. At the time the *qui tam* Complaint was filed, there were several ongoing investigations involving overlapping conduct and/or defendants, including several grand jury investigations. Typically, criminal investigations are accorded priority and care is taken not to interfere with covert efforts. In June 2020, the U.S. Attorney's Office for the Southern District

3

of Florida was informed that the grand jury investigations were no longer covert. Accordingly, the United States began to take overt investigative actions, as described *supra*. The United States now seeks additional time to continue to receive and review documents and information from Defendants and other relevant third parties. If the Government's investigation appears to corroborate the allegations of the *qui tam* Complaint or finds other fraud, the Government typically provides Defendants with a summary of its investigative findings and an opportunity to respond. This is a critical step to ensure that the Government has all relevant facts, to provide Defendants the opportunity to cooperate and remedy any fraudulent conduct, and to conserve judicial and Government resources required by litigation. These steps are necessary for the United States to fully evaluate Relator's allegations and reach an informed decision concerning intervention.

The United States also moves this Court to keep the Complaint and other filings under seal during the requested extension. There are sound reasons for keeping *qui tam* complaints under seal while the Government pursues its investigation, evaluates the evidence, and determines whether to intervene. Keeping the *qui tam* complaint under seal allows the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if the suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action.

### III.   CONCLUSION

For the foregoing reasons, the United States respectfully requests an extension of time of six months, up to and including July 13, 2022, within which it is required to notify the Court of its decision regarding intervention in the *qui tam* action, and during which period the Complaint

and other documents filed in this matter shall remain under seal.[1]

Dated: January 12, 2022                                   Respectfully submitted,

                                                              JUAN ANTONIO GONZALEZ
                                                              United States Attorney
                                                              Southern District of Florida

By:  */s/ Rosaline Chan*
                                                    ROSALINE CHAN
                                                    Assistant United States Attorney
                                                    Fla. Bar No. 1008816
                                                    United States Attorney's Office
                                                    99 N.E. 4th Street, Third Floor
                                                    Miami, Florida 33132
                                                    Telephone: (305) 961-9335
                                                    Facsimile: (305) 530-7139
                                                    Rosaline.Chan@usdoj.gov

                                                    JAMIE ANN YAVELBERG
                                                    PATRICIA L. HANOWER
                                                    SAMSON O. ASIYANBI
                                                    Commercial Litigation Branch
                                                    United States Department of Justice
                                                    175 N Street, N.E., Suite 10.1305
                                                    Washington, D.C. 20008
                                                    Tel: (202) 353-1053
                                                    Samson.Asiyanbi2@usdoj.gov

                                                    *Attorneys for United States of America*

---

[1] The United States also notes that reporting requirements for FCA *qui tam* actions have recently changed.  During proceedings of the Judicial Conference of the United States in March 2015, the Conference agreed to a Department of Justice proposal to amend the Civil Justice Reform Act ("CJRA") reporting instructions to provide that the "pending date" for *qui tam* cases brought under the FCA be the date on which the case is first unsealed by the court.  DOJ asked that the pending date be changed in this manner to ensure that CJRA reporting requirements do not enter into the decision of when to unseal the matter.  Following the Conference's adoption of this recommendation, FCA cases initially filed under seal no longer appear on pending case reports until such time as they are unsealed by the court.