

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-60835-CIV-SINGHAL**

UNITED STATES OF AMERICA
*ex rel.* LAUREN LAU,

      Plaintiff,

v.

ELLWOOD MEDICAL CENTER, LLC;
AMERICORE HEALTH, LLC; *et al.*,

      Defendants.

_____/

**FILED UNDER SEAL**

**MEMORANDUM OF LAW IN SUPPORT OF**
**UNITED STATES' UNOPPOSED *EX PARTE* EIGHTH APPLICATION**
**FOR AN EXTENSION OF THE INTERVENTION PERIOD AND SEAL**

The United States of America respectfully submits this memorandum in support of its unopposed *ex parte* application for an Order under the False Claims Act ("FCA"), as amended, 31 U.S.C. § 3730(b)(3), for a three-month extension of time from January 12, 2024, up to and including April 12, 2024, within which it must notify the Court of its decision regarding intervention in this *qui tam* action, and during which time the Complaint and other filings shall remain under seal. This is the United States' eighth request for an extension of time. Relator concurs with this request.

**I.       BACKGROUND**

On April 23, 2020, Relator filed the *qui tam* Complaint in this case. On or around May 13, 2020, Relator completed service on the U.S. Attorney's Office and the Attorney General. On July 12, 2023, the Court granted the United States' seventh request for an extension of the intervention period and seal through and including January 12, 2024.

According to Relator's Complaint, defendant Ellwood Medical Center, LLC ("Ellwood"), owned by defendant Americore Health, LLC ("Americore"), entered into an agreement with defendants Verify Health and First Choice Labs USA ("First Choice"), to submit claims to Medicare for cancer genetic screening tests that were not actually performed by Ellwood. Relator alleges that the agreement provided that the cancer genetic screening tests were performed by Verify Health and First Choice Lab but billed to Medicare by Ellwood. Relator alleges that Ellwood retained a percentage of the Medicare payment received for the cancer genetic screening tests, with the remainder being remitted to Verify Health and First Choice. Relator alleges that Verify Health and First Choice entered into this arrangement with Ellwood because Ellwood, as a rural community hospital, was exempt from Medicare's 70/30 rule for laboratory billing, which requires laboratories to perform at least 70% of the laboratory tests billed. Relator alleges that defendants submitted or caused to be submitted claims to Medicare for improperly billed medical procedures that are in violation of the Anti-Kickback Statute.

As set forth below, the United States has reached an agreement in principle with certain defendants in this *qui tam* action and needs additional time to address outstanding material terms (including issues in a related bankruptcy action), to obtain the approval of both the settlement amount and the specific terms of the settlement agreement from appropriate officials within the Justice Department with authority to act, and to memorialize and execute the settlement agreement.

## II.     ARGUMENT

### A.     Good Cause Exists to Extend the Seal and Intervention-Decision Period

The FCA provides that the United States may, for good cause shown, move the Court for extensions of time during which to intervene, and during which the seal remains intact. 31 U.S.C. § 3730(b)(3). The United States respectfully submits that it has good cause for an extension of

time in this case.

## B.    Status of the Government's Investigation

The United States has reached an agreement in principle with Defendants Dan Hurt, Sonoran Desert Pathology Associates, and First Choice Labs (together with the United States, the "Parties") and is working to address additional material terms and memorialize a settlement agreement.  However, both the settlement amount and the specific terms of the written settlement agreement must still be approved by the appropriate officials within the Justice Department.  On September 15, 2022, Defendant Hurt pled guilty to an Information filed in the Western District of Pennsylvania for, amongst other things, conduct alleged in the *qui tam* complaint, including violations of the Anti-Kickback Statute.  Mr. Hurt requested a global resolution that would resolve any potential civil claims, on an ability to pay basis, that the United States may bring based on the conduct alleged in the *qui tam* Complaint as to himself and his companies, defendants Sonoran Desert Pathology Associates and First Choice Labs.  The United States has reviewed Mr. Hurt's and his companies' financial documents and the Parties have reached an agreement in principle as to the monetary amount to resolve this action.  However, the Parties need more time to address material terms towards a resolution, including the mechanics for the sale of certain assets that will fund the agreed-upon monetary amount, to resolve issues in a related bankruptcy action, and to secure Justice Department approval of the settlement amount.

The resolution with Mr. Hurt and his companies will also resolve issues involving the bankruptcy action filed by the parent company of defendant Ellwood Medical Center, Americore Health LLC.  *See In re: Americore Holdings, LLC, et al.*, No. 6:19-bk-61608 (filed Dec. 31, 2019 E.D. Ky.) ("Americore Bankruptcy Action").  The United States first informed the Court about the

related bankruptcy on August 17, 2020, when it filed an application to partially lift the seal to disclose pertinent matters about this case to the bankruptcy court and bankruptcy trustee.

At that time, the United States filed a proof of claim in the bankruptcy case for, amongst other things, civil liability stemming from the conduct alleged in the *qui tam* complaint. Subsequently, based on Mr. Hurt's guilty plea, the bankruptcy trustee sued fifteen parties, including defendants Dan Hurt, Michael Lewitt, and Grant White, to recover approximately $16 million in Medicare money paid to Ellwood Medical Center (for the alleged fraudulent cancer genetic screening tests) and subsequently transferred as "fraudulent conveyances." On July 7, 2023, the United States attended a mediation in the Americore Bankruptcy Action between Mr. Hurt and the bankruptcy trustee's counsel. As a result of the mediation, the trustee and the United States are negotiating an intercreditor agreement that is expected to resolve the bankruptcy trustee's claims against Mr. Hurt and his companies while the United States is negotiating a resolution of the FCA claims against Mr. Hurt and his companies. Absent a resolution with the trustee, the United States and the trustee would have been forced into litigation regarding the distribution of the defendants' dissipating assets, and the defendants (Mr. Hurt, in particular) would have further depleted their assets during the litigation. The United States and the trustee have preliminarily agreed to the material terms in the intercreditor agreement, subject to the Justice Department's approval, and are in the process of negotiating that agreement.

The requested three-month extension of time will permit time for the United States to finalize its agreements with Mr. Hurt and his companies and with the trustee in the Americore Bankruptcy Action. The additional time will also allow the undersigned attorneys with primary responsibility for this matter to obtain the appropriate authority from the Department of Justice. The United States believes that during this additional extension of time, it will be able to make an

4

intervention decision as to the remaining defendants as well.

The United States also asks this Court to keep the complaint and other filings under seal during the requested extension.

## III.   CONCLUSION

For the foregoing reasons, the United States respectfully requests an extension of time of three months, up to and including April 12, 2024, within which it is required to notify the Court of its decision regarding intervention in the *qui tam* action, and during which period the Complaint and other documents filed in this matter shall remain under seal.[1]  To the extent that the Court requires additional information, the United States requests the opportunity to supplement its application either in writing or at an *in camera* hearing.

---

[1] The United States also notes that reporting requirements for FCA *qui tam* actions have changed. During proceedings of the Judicial Conference of the United States in March 2015, the Conference agreed to a Department of Justice proposal to amend the Civil Justice Reform Act ("CJRA") reporting instructions to provide that the "pending date" for *qui tam* cases brought under the FCA be the date on which the case is first unsealed by the court.  DOJ asked that the pending date be changed in this manner to ensure that CJRA reporting requirements do not enter into the decision of when to unseal the matter.  Following the Conference's adoption of this recommendation, FCA cases initially filed under seal no longer appear on pending case reports until such time as they are unsealed by the court.

Dated: January 11, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

MARKENZY LAPOINTE
UNITED STATES ATTORNEY
Southern District of Florida

By: _____ for.

ROSALINE CHAN
Assistant United States Attorney
Fla. Bar No. 1008816
United States Attorney's Office
99 N.E. 4th Street, Third Floor
Miami, Florida 33132
Telephone: (305) 961-9335
Facsimile: (305) 530-7139
Email: Rosaline.Chan@usdoj.gov

JAMIE ANN YAVELBERG
PATRICIA L. HANOWER
SAMSON O. ASIYANBI
Commercial Litigation Branch
United States Department of Justice
175 N Street, N.E., Suite 9.224
Washington, D.C. 20008
Tel: (202) 353-1053
Email: Samson.Asiyanbi2@usdoj.gov

*Attorneys for United States of America*

6